USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/05



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

**PHILIP S. FRANK**
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

August 1, 2008

RECEIVED
AUG 04 2008
JUDGE CHIN'S CHAMBERS

**VIA HAND DELIVERY**
Honorable Denny Chin
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Michael Ikoli v. N.Y.C. Police Department 40 pct et al.</u>, 08 Civ. 1929 (DC)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter. In essence, plaintiff's complaint alleges false arrest stemming from a shooting on November 26, 2004. Upon information and belief, Police Officers Gianfranco Rubino and Isaac Mercado returned waiver of service forms pursuant to Fed R. Civ. P. 4(e)(1) on or about July 14, 2008. This office has not discussed with officers Rubino or Mercado the manner of service and we make no representation herein as to the adequacy of service upon them. A decision concerning this office's representation of officers Rubino or Mercado has not yet been made and accordingly this application is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, grant defendants Rubino and Mercado a sixty (60) day enlargement of time, from August 4, 2008 until October 3, 2008, to respond to the complaint.[1]  Plaintiff is

_____

[1] According to the docket sheet and upon information and belief, the individuals named in the caption as New York City Police Department 40th Precinct, Det. Speranza, #1923, Det. Infante #887862, Det. Francan #2358, Det. Wansley #891193, Capt Dowling, PJ Schwartz #866648, J. Dietrich #892972, Det. Ramirez #9098660, Det. Pena, Det. O'Sullivan, Det. William Fisher have not been served with process. However, if these individuals are properly served prior to October 3, 2008, we hope that the court will, *sua sponte*, extend their time to answer until October 3, 2008 so that this office can investigate plaintiff's allegations and decide whether to represent each individual defendant.

Approved.
SO ORDERED.
8/5/08

incarcerated and proceeding *pro se*; therefore, this application is made directly to the Court. I note further that no previous request for an extension has been made in this action.

There are several reasons for granting an enlargement of time for defendants to respond to the complaint in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrest and prosecution. In addition, given plaintiff's allegations that he suffered psychological damages as a result of the incident, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of any records of medical treatment.

Further, assuming plaintiff is able to effect timely service on the individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court *sua sponte* grant a sixty (60) day enlargement of time, until October 3, 2008, for defendants Gianfranco Rubino and Isaac Mercado to respond to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    **Via First Class Mail**
Michael Ikoli
241-04-18457
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370